**Certain Underwriters at Lloyd's, London v Southwest Mar. & Gen. Ins. Co.**

2025 NY Slip Op 32116(U)

June 12, 2025

Supreme Court, New York County

Docket Number: Index No. 650249/2024

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**          PART          14

*Justice*

-----------------------------------------------------------------------------X

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

Plaintiff,

- v -

SOUTHWEST MARINE AND GENERAL INSURANCE
COMPANY,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650249/2024 |
| MOTION DATE | 06/11/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102

were read on this motion to/for          SEAL          .

Plaintiff's motion for leave to file "confidential" information under seal is decided as described below.

**Background**

In this declaratory judgment action, this Court previously awarded plaintiff partial summary judgment on its claim for defense costs in relation to certain underlying actions (NYSCEF Doc. No. 68).

Plaintiff contends that defendant has refused to comply with this Court's order and that it will need to file a motion to enforce the Court's decision. It argues that some of the evidence it will submit for that forthcoming motion will necessarily include invoices for its insured's defense counsel in the underlying actions and public disclosure might prejudice the insured's ability to defend itself. Plaintiff contends it sent the invoices to counsel for defendants and has demanded the name of the adjuster(s) at defendant (so it can send additional invoices).

**650249/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND
GENERAL INSURANCE COMPANY
Motion No. 002**

Page 1 of 5

1 of 5

In opposition, defendant insists it is complying with the Court's order and that it will provide plaintiff with the names of the claims professionals assigned to each of the three underlying actions. Defendant claims it is reviewing the bills in its possession and "intends to reimburse reasonable costs incurred."

In reply, plaintiff contends that defendant's opposition was not timely filed and that, in any event, defendant did not dispute that certain documents should be filed under seal. Plaintiff emphasizes that it has been three months since it first sent over defense bills for one of the underlying cases and that defendant has not done anything to comply with this Court's order.

**Discussion**

As an initial matter, the Court denies plaintiff's request to file the invoices under seal. "Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records. This State has long recognized that civil actions and proceedings should be open to the public in order to ensure that they are conducted efficiently, honestly, and fairly" (*Mosallem v Berenson*, 76 AD3d 345, 348, 905 NYS2d 575 [1st Dept 2010] [internal quotations and citations omitted]). "Confidentiality is clearly the exception, not the rule and the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" (*id*. at 349 [internal quotations and citations omitted]).

Plaintiff did not meet its burden to justify sealing the invoices. It may be that the contents of the bills (i.e., certain descriptions of the work done) contain privileged information. But plaintiff can certainly include redactions for attorney-client privilege, or some other applicable privilege, where appropriate. The fact is that there is no basis for a broad sealing order for invoices—the hours expended and the amounts charged are certainly not confidential.

**650249/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  002**

**Page 2 of 5**

2 of 5

This Court routinely holds legal fees hearings which are open to the public—there is nothing inherent in a legal bill that raises any confidentiality issues and plaintiff did not cite specifics in its moving papers. Instead, it asserted a general claim that disclosure might hurt its insured's defense in the underlying actions—that conclusory argument is not sufficient.

Turning to the heart of the motion, the Court is unimpressed with defendant's attorneys' word choice. Saying defendant "will" provide the names of the adjusters and "intends" to reimburse seems like an obvious delay tactic, especially when the Court issued an order months ago. And considering it is not hard to give names and forward bills to the appropriate people, defendant's actions in the last few months are highly questionable.

The parties also seem to be incapable of productive communication. Plaintiff demonstrated that it sent over bills to counsel for defendant in March and April and, for some unexplained reason, defendant has not paid those bills or contested the amounts sought. It does not take months and months to review these invoices. Defendant's contention that it "intends" to reimburse reasonable amounts rings hollow given that it has not paid a cent to plaintiff.

To be fair to defendant, it also seems that plaintiff sent over these emails and then filed the instant motion without first following up about the status of its requested amounts. At least on this record, the Court sees an April 11, 2025 email from counsel for plaintiff to defendant's attorney that attached the invoices for one of the underlying actions followed by an email threatening sanctions on May 1, 2025 (NYSCEF Doc. No. 89). There is no indication that anything happened in between these two emails. In this Court's view, the prudent and more effective tactic is to communicate with opposing counsel about the status of a request and set a reasonable deadline before threatening to seek sanctions.

**650249/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  002**

**Page 3 of 5**

3 of 5

In any event, it's clear that this Court needs to intervene and help the parties resolve this issue. Therefore, plaintiff shall send a complete demand of whatever amounts in defense costs it seeks by June 18, 2025 (this shall include any prior demands and any additional amounts that may have accrued in the last few months). Defendant will then respond by June 25, 2025 regarding whether it will pay that amount or whether it intends to challenge the reasonableness of these fees. If there is, in fact, an issue as to the reasonableness of the fees (there is, of course, not a blank check), the Court will not hesitate to promptly schedule a hearing. That means the hearing will likely happen in July or August, at this Court's convenience. Plaintiff is directed to upload a letter by June 30, 2025 regarding whether or not a hearing is requested.

Also included in this response from defendant will be the names of the claims professionals assigned to each underlying matter. If defendant fails to fully and timely respond, then the Court may deem defendant to have waived any right to contest the reasonableness of these fees.

It is baffling to the Court that months after the Court's decision, the parties are seemingly incapable of effectively communicating about a straightforward issue. Instead of holding a meet and confer or simply picking up the phone, the instant motion was filed (which, by the way, does not even seek the precise amount of fees). Certainly, it would have been a better use of all parties' time to try to work this out instead of filing the instant motion.

Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to file certain documents under seal is denied; and it is further

ORDERED that plaintiff shall request whatever fees it seeks by June 18, 2025; and it is further

**650249/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  002**

**Page 4 of 5**

4 of 5

ORDERED that defendant shall respond to this demand as described above (including the names of the relevant claims professionals) by June 25, 2025; and it is further

ORDERED that by June 30, 2025 plaintiff shall upload a letter advising the Court whether a hearing as to attorneys' fees is necessary so the Court may schedule one.

See NYSCEF Doc. No. 73 regarding the next conference.

| 6/12/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650249/2024   CERTAIN UNDERWRITERS AT LLOYD'S, LONDON vs. SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY**
**Motion No.  002**

Page 5 of 5

[* 5]